1
2
3
4
5
6
7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOSE SILVA,                              No. 2:15-cv-1721 KJM KJN P (TEMP)

12              Plaintiff,

13        v.                                  ORDER

14   P. NATHU,

15              Defendant.

16

17        Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C.

18   § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This

19   proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20   **I.        Motion to Proceed In Forma Pauperis**

21        Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

22   Accordingly, the request to proceed in forma pauperis is granted.

23        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§

24   1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance

25   with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the

26   appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward

27   it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of

28   twenty percent of the preceding month's income credited to plaintiff's prison trust account.

1

1   These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

2   the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

3   1915(b)(2).

4   **II.      Screening Requirement**

5          The court is required to screen complaints brought by prisoners seeking relief against a

6   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

7   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

8   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

9   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

10         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

11  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

12  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

13  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

14  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

15  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

16  Cir. 1989); Franklin, 745 F.2d at 1227.

17         A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

18  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

19  support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467

20  U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt

21  Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under

22  this standard, the court must accept as true the allegations of the complaint in question, Hosp.

23  Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

24  most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.

25  McKeithen, 395 U.S. 411, 421 (1969).

26  **III.     Plaintiff's Allegations**

27         Plaintiff is a transgendered inmate who was housed at Mule Creek State Prison in Ione,

28  California, during all times relevant to this action.  On January 8, 2015, plaintiff had a "one-on-

2

one" with defendant psychiatrist, Dr. P. Nathu, in a holding cage.  During this meeting, Dr. Nathu

"started massaging his penis … while asking me to perform for him, and he would provided [sic]

any medications for me."  When plaintiff became angry because he got propositioned, Dr. Nathu

left.  Plaintiff seeks damages for the psychological and emotional distress that he suffered as a

result of Dr. Nathu's improper conduct.

**IV.    Discussion**

The Eighth Amendment prohibits cruel and unusual punishment in penal institutions.

Whether a specific act constitutes cruel and unusual punishment is measured by "the evolving

standards of decency that mark the progress of a maturing society."  Hudson v. McMillian, 503

U.S. 1, 8 (1992).  "Sexual harassment or abuse of an inmate by a corrections officer is a violation

of the Eighth Amendment."  Wood v. Beauclair, 692 F.3d 1041, 1045-46 (9th Cir. 2012) (citing

Schwenk v. Hartford, 204 F.3d 1187, 1197 (9th Cir. 2000) ("In the simplest and most absolute of

terms...prisoners [have a clearly established Eighth Amendment right] to be free from sexual

abuse....")).  This is so even without evidence of physical injury because "at its core, the Eighth

Amendment protects 'the basic concept of human dignity' and forbids conduct that is 'so totally

without penological justification that it results in the gratuitous infliction of suffering.' ... We

have previously held that a sexual assault on a prisoner by a prison guard is always 'deeply

offensive to human dignity' and is completely void of penological justification."  Id. at 1050-51.

In his complaint, plaintiff alleges that Dr. Nathu propositioned him during a one-on-one

meeting, but there is no allegation that Dr. Nathu actually touched plaintiff.  Indeed, plaintiff's

administrative grievance filed after this incident provides that Dr. Nathu acted only "through

gestures, statements and bribery, also mental manipulation."  Compl. Ex. A (ECF No. 1 at 19).

"[V]erbal harassment generally does not violate the Eighth Amendment."  Keenan v. Hall, 83

F.3d 1083, 1092 (9th Cir. 1996) (implying that harassment "calculated to ... cause [the prisoner]

psychological damage" might state an Eighth Amendment claim) (citing Oltarzewski v. Ruggiero,

830 F.2d 136, 139 (9th Cir. 1987)), amended by 135 F.3d 1318 (9th Cir. 1998); see also Austin v.

Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) (explaining that "the Eighth Amendment's

protections do not necessarily extend to mere verbal sexual harassment.").  Because there is no

1 allegation that Dr. Nathu touched plaintiff and also no allegation that the defendant acted in an

2 effort to cause plaintiff psychological damage, the court finds that plaintiff fails to state an Eighth

3 Amendment claim.  Whether plaintiff has additional facts to state a claim is unclear to the court at

4 this time.  The undersigned notes that, on review of the pleading and attachments submitted in

5 support, plaintiff had continued medical contact with Dr. Nathu after the incident underlying this

6 action.  It is unclear, however, if Dr. Nathu ever made any further sexually harassing comments

7 towards plaintiff.  If plaintiff chooses to file an amended complaint, he must allege facts that

8 would raise Dr. Nathu's conduct beyond the isolated incident of verbal harassment identified in

9 the complaint.

10 **V.     Conclusion**

11         As discussed <u>supra</u>, plaintiff's complaint fails to state a claim.  If plaintiff chooses to

12 amend the complaint, plaintiff must demonstrate how the conduct complained of has resulted in a

13 deprivation of plaintiff's constitutional rights.  <u>See</u> <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).

14 Also, the complaint must allege in specific terms how each named defendant is involved.  There

15 can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection

16 between a defendant's actions and the claimed deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362

17 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743

18 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil

19 rights violations are not sufficient.  <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

20         In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

21 make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

22 complaint be complete in itself without reference to any prior pleading.  This requirement is

23 because, as a general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v.</u>

24 <u>Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

25 pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

26 original complaint, each claim and the involvement of each defendant must be sufficiently

27 alleged.

28 ////

4

1    In accordance with the above, IT IS HEREBY ORDERED that:

2        1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

3        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

4    is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §

5    1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

6    Director of the California Department of Corrections and Rehabilitation filed concurrently

7    herewith.

8        3.  Plaintiff's complaint is dismissed.

9        4.  Plaintiff is granted thirty days from the date of service of this order to file an amended

10   complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

11   Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number

12   assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and

13   two copies of the amended complaint; failure to file an amended complaint in accordance with

14   this order will result in a recommendation that this action be dismissed.

15   Dated:  April 21, 2016

16

17                                              KENDALL J. NEWMAN
                                                UNITED STATES MAGISTRATE JUDGE
18

19
     silv1721.14new
20

21

22

23

24

25

26

27

28

5