UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE SILVA,<br><br>        Plaintiff,<br><br>    v.<br><br>P. NATHU,<br><br>        Defendant. | No. 2:15-cv-1721 KJM DB P<br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). On April 21, 2016, plaintiff's complaint was dismissed with leave to amend for failure to state a potentially cognizable claim. (ECF No. 9.) On May 26, 2016, plaintiff filed a "motion to amend," which consisted of an emended complaint. (ECF No. 14.) The court previously granted plaintiff leave to amend and deemed the amended complaint timely filed. (ECF No. 16.)

**I.    Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

////

1

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**II.     Plaintiff's Allegations**

Plaintiff is a transgendered inmate who was housed at Mule Creek State Prison in Ione, California, during all times relevant to this action. On January 8, 2015, plaintiff had a "one-on-one" with defendant psychiatrist, Dr. P. Nathu, in a holding cage. During this meeting, Dr. Nathu "started massaging his penis … while asking me to perform for him, and he would provided [sic] any medications for me." When plaintiff became angry because he got propositioned, Dr. Nathu left. Plaintiff seeks damages for the psychological and emotional distress that he suffered as a result of Dr. Nathu's improper conduct.

////

////

2

### III. Discussion

The Eighth Amendment prohibits cruel and unusual punishment in penal institutions. Whether a specific act constitutes cruel and unusual punishment is measured by "the evolving standards of decency that mark the progress of a maturing society." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "Sexual harassment or abuse of an inmate by a corrections officer is a violation of the Eighth Amendment." Wood v. Beauclair, 692 F.3d 1041, 1045-46 (9th Cir. 2012) (citing Schwenk v. Hartford, 204 F.3d 1187, 1197 (9th Cir. 2000) ("In the simplest and most absolute of terms...prisoners [have a clearly established Eighth Amendment right] to be free from sexual abuse....")). This is so even without evidence of physical injury because "at its core, the Eighth Amendment protects 'the basic concept of human dignity' and forbids conduct that is 'so totally without penological justification that it results in the gratuitous infliction of suffering.' ... We have previously held that a sexual assault on a prisoner by a prison guard is always 'deeply offensive to human dignity' and is completely void of penological justification." Id. at 1050-51.

Because there was no allegation that Dr. Nathu touched plaintiff and also no allegation that defendant acted in an effort to cause plaintiff psychological damage, the court found that plaintiff failed to state an Eighth Amendment claim in the original complaint. (ECF No. 9.) In the initial screening order, the court stated that plaintiff must allege facts that would raise Dr. Nathu's conduct beyond the isolated incident of verbal harassment identified in the complaint. (Id.)

In his amended complaint, plaintiff alleges that Dr. Nathu propositioned him during a one-on-one meeting, but, again, there is no allegation that Dr. Nathu actually touched plaintiff. "[V]erbal harassment generally does not violate the Eighth Amendment." Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996) (implying that harassment "calculated to . . . cause [the prisoner] psychological damage" might state an Eighth Amendment claim) (citing Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987)), amended by 135 F.3d 1318 (9th Cir. 1998); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) (explaining that "the Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment."). Plaintiff has not submitted any additional facts beyond those in the original complaint, which were deemed

insufficient to state a claim. Because there is no allegation that Dr. Nathu touched plaintiff and also no allegation that the defendant acted in an effort to cause plaintiff psychological damage, the court finds that plaintiff fails to state an Eighth Amendment claim.

**IV.     Conclusion**

As discussed supra, plaintiff's amended complaint fails to state a claim. In the interest of justice, the court will provide plaintiff with one more opportunity to state a cognizable claim. If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.     Plaintiff's amended complaint (ECF No. 14) is dismissed; and

2.     Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket

number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: September 26, 2017

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

TIM-DLB:10
DB / ORDERS / ORDERS.PRISONER.CIVIL.RIGHTS / silv.1721.scrn.fac